IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON HEALTH TECH. CO., LTD.,

Plaintiff,

OPINION and ORDER

08-cv-59-bbc

v.

SPIRIT MANUFACTURING, INC.
d/b/a SPIRIT FITNESS PRODUCTS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The following motions are before the court in this case for infringement of U.S. Patent No. 7,316,633, which is owned by plaintiff Johnson Health Tech. Co., Ltd. and relates to elliptical exercise machines:

- Plaintiff's motion for summary judgment on infringement of claims 1-4 of the '633 patent (dkt. #33);
- Plaintiff's motion to dismiss defendant's affirmative defense of inequitable conduct (dkt. #68);
- Plaintiff's motion to strike the supplemental reports and portions of the declaration of defendant's expert (dkt. #72);

- Plaintiff's motion to strike portions of defendant's proposed findings of fact (dkt. #74);
- Defendant's motion for summary judgment on invalidity and inequitable conduct and its request for a hearing on this motion (dkt. ##83 and 95);
- Plaintiff's motion to strike defendant's reply submissions in support of defendant's motion for summary judgment (dkt. #131).

I conclude that a hearing is not necessary and that none of these motions requires extended discussion.

Plaintiff's motion to dismiss defendant's affirmative defense of inequitable conduct will be denied as untimely. The parties had a deadline of October 31, 2008 to file dispositive motions; plaintiff did not file its motion until November 13, 2008. The magistrate judge extended the deadline for filing motions for summary judgment to December 1, but he did not extend the deadline for motions to dismiss. Dkt. #58.

Under Fed. R. Civ. P. 16(b)(4), plaintiff's untimely motion must be justified by good cause, which plaintiff has failed to show. Plaintiff's ground for seeking dismissal of the defense is that defendant did not plead it with particularity as required by Fed. R. Civ. P. 9(b). Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C., 482 F.3d 1347, 1356 -57 (Fed. Cir. 2007), an issue that defendant could have raised any time after defendant included the inequitable conduct defense in its answer, dkt. #4 (filed

February, 25, 2008), or amended answer, dkt. #16 (filed June 20, 2008). If plaintiff believed defendant's answer violated Rule 9, it should have moved for dismissal right away rather than wait until it was too late for defendant to amend the answer.

Defendant's motion for summary judgment on the ground of invalidity and inequitable conduct must be denied as well. Defendant has the burden to show that the '633 patent is invalid or unenforceable by clear and convincing evidence. Innogenetics, N.V. v. Abbott Laboratories, 512 F.3d 1363 (Fed. Cir. 2008); Young v. Lumenis, Inc., 492 F.3d 1336 (Fed. Cir. 2007). However, defendant's discussion of anticipation and obviousness in its brief consists of little more than a chart listing the elements of the claims of the '633 patent alongside a bare conclusion from defendant's expert that each element was met by a prior art reference. To prevail on a motion for summary judgment on which it has the burden of persuasion, defendant must do more than provide a series of ipse dixits. General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997) ("nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert"). By failing to develop its argument on invalidity with any specificity, defendant has waived its right to obtain summary judgment on that issue.

Defendant's arguments regarding inequitable conduct fare no better. Defendant simply includes block quotes from its expert's report concluding that plaintiff intentionally

withheld material information from the patent office during prosecution. Its argument on intent is one conclusory sentence: "In the present case, there is strong evidence that [plaintiff] did not want the Patent Office to know the Rodgers litigation or to consider the application of the Rodgers '480 Patent to the claimed invention of the '633 patent." Dft.'s Br. at 48, dkt. #95. Defendant does not develop an argument regarding that evidence but simply cites a number of "Rodgers Litigation documents" without identifying how the documents support its motion or even citing relevant page numbers. Again, it is defendant's burden to *show* that the '633 patent is unenforceable as a result of inequitable conduct. Defendant cannot prevail by arguing generally that the standard is met and ask the court to take its word for it. Because I am denying defendant's motion for summary judgment, I will deny as unnecessary plaintiff's motion to strike defendants' summary judgment reply submissions.

With respect to plaintiff's motion for summary judgment on infringement of claims 1-4, the question is whether every claim limitation or its equivalent be found in the accused devices. In re Gabapentin Patent Litigation, 503 F.3d 1254, 1259 (Fed. Cir. 2007). The claims disclose:

1. An exercise machine comprising:

a support;

a pulley mounted on said support;

a crank unit connected to said pulley for rotation along with said pulley;

a pair of slide members having front ends connected to said crank unit for turning along with said crank unit and rear ends linearly slidable on said support;
a pair of reciprocating members mounted movably on said support for reciprocating forward and backward;

a pair of foot support members each of which has a front pivotal end and a rear free end, said front pivotal end of each of said foot support members being connected pivotally to one of said slide members between said front and rear ends of said one of said slide members, each of said foot support members being connected to one of said reciprocating members rearwardly of said front pivotal end.

2. The exercise machine as claimed in claim 1, wherein said support includes a base and an upstanding frame extending upward from a front end of said base, said pulley being mounted on said base adjacent said upstanding frame.

3. The exercise machine as claimed in claim 2, further comprising a pair of handles mounted pivotally on said upstanding frame, and a pair of swinging arms mounted pivotally on said upstanding frame and connected respectively to said handles for swinging simultaneously with said handles, each of said swinging arms having a top end connected to a corresponding one of said handles and a bottom end connected to a front end of one of said reciprocating members.

4. The exercise machine as claimed in claim 1, wherein each of said slide members includes a top side opposite to said base, and a pivot member mounted on said top side and connected pivotally to said front pivotal end of a corresponding one of said foot support members.

In its brief and proposed findings of fact, plaintiff adduces evidence that each of these elements is present in the accused products, which are elliptical exercise machines sold by defendant: Spirit ZE110, Spirit ZE120, Spirit XE100, Spirit XE 125, Spirit XE200, Spirit XE300, Spirit XE400 and Espirit EL-1. Plt.'s PFOF ¶¶38–69, dkt. #35; Plt.'s Br. at 6-21,

dkt. #34. Defendant puts forth almost no effort to dispute plaintiff's infringement claim. Inexplicably, almost all of its brief in opposition to plaintiff's motion for summary judgment on infringement relates to prior art, which has no bearing on the question whether the accused products infringe the '633 patent.

The only infringement issue that defendant raises in its brief relates to the "foot support member" element. However, it fails to develop any argument explaining why it believes that element is missing from the accused products. It says only that the accused devices "use a one piece welded part that is similar to the single-piece foot member" of two prior art references. Dft.'s Br. at 17 (incorrectly labeled page "3" in the brief), dkt. #60. Whether that is so has little to do with whether the accused products include the "foot support member" of the '633 patent. Of course, defendant's devices may be "similar" to prior art references as well as the '633 patent.

I conclude that the accused devices do include the "foot support member" element. Neither party argues that the term means anything other than the part of the exercise machine that provides support to the foot. The patent does not give it a specialized meaning. E.g., '633 Pat., col. 2, lns. 6-7 ("the foot support member is attached so as to provide good support for the user's foot") Not surprisingly, defendant's expert concedes that the accused devices have an area of support for the user's feet. Rawls Suppl. Report, dkt. #64-18. After all, it is difficult to imagine an elliptical exercise machine that fails to provide

foot support. Although the expert raises other issues in his supplemental report, defendant has waived these by failing to include them in its brief.

This leaves plaintiff's motion to strike the supplemental reports and portions of the declaration of defendant's expert and plaintiff's motion to strike portions of defendant's proposed findings of fact. These will be denied as unnecessary because the resolution of the parties' summary judgment motions is the same regardless whether I strike the challenged submissions.

ORDER

IT IS ORDERED that

1. Plaintiff Johnson Health Tech. Co., Ltd. 's motion for summary judgment on infringement of claims 1-4 of U.S. Patent No. 7,316,633, dkt. #33, is GRANTED with respect to the following accused devices: Spirit ZE110, Spirit ZE120, Spirit XE100, Spirit XE 125, Spirit XE200, Spirit XE300, Spirit XE400 and Espirit EL-1.

2. Defendant Spirit Fitness Product's motion for summary judgment on invalidity and inequitable conduct, dkt. #83, and its request for a hearing, dkt. #95, are DENIED.

3. Plaintiff's motion to dismiss defendant's affirmative defense of inequitable conduct, dkt. #68, is DENIED

4. Plaintiff's motion to strike the supplemental reports and portions of the declaration

of defendant's expert, dkt. #72, is DENIED as unnecessary.

5. Plaintiff's motion to strike portions of defendant's proposed findings of fact, dkt. #74, is DENIED as unnecessary.

6. Plaintiff's motion to strike defendant's reply submissions in support of defendant's motion for summary judgment, dkt. #131, is DENIED as unnecessary.

7. The case will proceed to trial on the issues of invalidity, inequitable conduct and damages.

Entered this 29th day of January, 2009.

BY THE COURT:

/s/

_______________________________

BARBARA B. CRABB
District Judge